JOHN BRUCE *v.* D. M. KITTINGER.

Trial—Parties to Suit—Summons.

In actions by equitable proceedings plaintiff shall be entitled to a trial at the first term after summons has been served on all the defendants, as provided by section 137 and section 395 Civ. C., where no issue of fact is made by the pleadings, or where the plaintiff consents that the statements in the answer may be taken as true. The service of process on one of the defendants and judgment thereon is error, other co-defendants not having been summoned.

APPEAL FROM M'LEAN CIRCUIT COURT.

January 18, 1868.

OPINION OF THE COURT BY JUDGE PETERS:

This action was brought in equity to attach a fund, or rather a debt, alleged to be owing by Bruce and wife to James Tichener, the insolvent debtor of appellee, as he alleges, and the proceeding is a regular suit in equity seeking to subject the debt alleged by Bruce and wife to said Tichener to the payment of appellee's debt *pro tanto.* Silas and James Tichener, Bruce and wife, and one Beckham were all made defendants. Summons was not served, either actual or constructive, on any of the defendants except Bruce and wife, and in that state of preparation judgment was rendered against Bruce for $200, and he prosecutes this appeal.

By section 395, Civil Code, it is provided that the plaintiff shall be entitled to a trial in actions by equitable proceedings at the first term after the summons has been served on all the defendants, as provided in Sec. 137, where no issue of fact is made by the pleadings, or where the plaintiff consents that the statements of the answer may be taken as true.

By reference to this *section* it is apparent that appellee was not entitled to a trial at the term of the court at which the cause was heard. Tichener, his alleged debtor, should have been before the Court, and a judgment rendered against him, to authorize an appropriation of the debt owing to him by Bruce, to the satisfaction of his debt. Wherefore the judgment is *reversed,* and the

3

cause remanded, with directions for further proceedings consistent with this opinion.

*Sweeney & Stuart, for appellant.*

*Bickers, for appellee.*